United States District Court
Southern District of Texas
**ENTERED**
March 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEZ PROPERTIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0801 |
| | § | |
| JERRY W. THOMAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On December 30, 2021, Plaintiff, DEZ Properties, LLC ("Plaintiff"), filed a Petition for Eviction from Residential Premises ("Petition") in the Justice Court of Harris County, Texas, Precinct 5, Place 2, against tenants Laura H. Thomas, Jerry W. Thomas ("Defendants"), and all other occupants of 6406 Horsepen Bayou, Houston, TX 77084.[1] The Justice Court held a bench trial on March 2, 2022, and entered judgment against Defendants on the same day.[2] Defendants filed an appeal, which was denied on March 8, 2022.[3] On March 10, 2022, Pinchas Wood El doing business as attorney in fact for defendant, Jerry Thomas, filed a Notice of

---

[1]Petition, Exhibit 3 to Plaintiff's Emergency Motion to Remand ("Motion to Remand"), Docket Entry No. 4-3, p. 1. For identification purposes, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Eviction - Judgment/Dismissal Order, Exhibit 7 to Motion to Remand, Docket Entry No. 4-7.

[3]Eviction Case Appeal Bond (Surety), Exhibit 9 to Motion to Remand, Docket Entry No. 4-9, p. 2.

Removal (Docket Entry No. 1) that did not state any grounds for federal subject matter jurisdiction.[4] On March 17, 2022, Plaintiff filed its Motion to Remand. For the reasons stated below, Plaintiff's Emergency Motion to Remand will be granted.

Federal courts are courts of limited jurisdiction and may only hear cases within their statutory or constitutional grants of power. Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). A defendant may remove a state case to federal court on the basis of either diversity of citizenship or federal question. See 28 U.S.C. § 1441(a)-(c). Diversity of citizenship exists where (1) the parties are of completely diverse citizenship, see 28 U.S.C. § 1332(a); (2) the amount in controversy exceeds $75,000, see id.; and (3) none of the properly joined defendants is a citizen of the state in which the case is brought, see 28 U.S.C. § 1441(b)(2). Federal question jurisdiction exists where the claim arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1441(c), that is, where "a well-pleaded complaint establishes

_____

[4]On March 16, 2022, Pinchas Wood El filed a Complaint and Request for Injunction ("Complaint") (Docket Entry No. 3), which invoked the 1787 Treaty of Peace and Friendship between Morocco and the United States as a basis for federal question jurisdiction (see id. at 4). Under the well-pleaded complaint rule, the existence of federal question jurisdiction must be determined from what necessarily appears in the plaintiff's statement of his claim. New Orleans & Gulf Coast Railway Company v. Barrois, 533 F.3d 321, 328 (5th Cir. 2008). Accordingly, the court does not consider this extraneous filing in determining whether federal question jurisdiction exists. Even if it did, the court is not persuaded that this eviction action arises under or even implicates the 1787 Treaty of Peace and Friendship between Morocco and the United States.

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California</u>, 103 S. Ct. 2841, 2856 (1983).

The removing party bears the burden of establishing jurisdiction. <u>Shearer v. Southwest Service Life Insurance Company</u>, 516 F.3d 276, 278 (5th Cir. 2008). To do so, the removing party must "distinctly and affirmatively" allege jurisdictional facts. <u>Mullins v. TestAmerica, Inc.</u>, 564 F.3d 386, 397 (5th Cir. 2009). If a removed case is not within the court's subject-matter jurisdiction, the court must remand the case to state court. 28 U.S.C. § 1447(c). In deciding whether remand is proper, a court is required to resolve issues of material fact in the plaintiff's favor, and any doubts must be resolved against removal. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants have not demonstrated or even alleged the basis for subject matter jurisdiction. The well-pled facts in the Petition present only state-law questions for forcible entry and detainer/eviction.[5] The Fifth Circuit has held that state-law claims for eviction do not support federal question jurisdiction. <u>See Stump v. Potts</u>, 322 F. App'x 379, 380 (5th Cir. 2009).

Nor is there any basis for diversity jurisdiction. The parties are not diverse – Plaintiff is a Texas limited liability

_____

[5] <u>See</u> Petition, Exhibit 3 to Motion to Remand, Docket Entry No. 4-3.

company whose members reside in Texas, and Defendants are domiciled in Texas.[6]  The amount in controversy does not exceed $75,000, as 28 U.S.C. § 1332(a) requires, because Defendant requested only $2,250.00 in damages and $960.00 in attorney's fees in his Petition.[7]  Moreover, Defendants are Texas residents, so removal to the Southern District of Texas would be improper under 28 U.S.C. § 1441(b)(2).

The court will not award attorney's fees to Plaintiff because the court is granting Plaintiff's Emergency Motion to Remand on an expedited basis without giving Pinchas Wood El an opportunity to respond.

Because there is no basis for federal subject-matter jurisdiction, Plaintiff's Emergency Motion to Remand (Docket Entry No. 4) is **GRANTED**.  This action is **REMANDED** to the Justice Court of Harris County, Texas, Precinct 5, Place 2.  The Clerk will promptly provide a copy of this Memorandum Opinion and Order to the clerk of the Justice Court.

**SIGNED** at Houston, Texas, on this the 18th day of March, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[6]See Complaint, Docket Entry No. 3, pp. 1-2 (providing addresses for Plaintiff and Defendants).

[7]Petition, Exhibit 3 to Motion to Remand, Docket Entry No. 4-3, p. 1.

-4-